**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BRUCE ECKHARDT,**

                              **Petitioner,**                    **9:04-cv-559**
                                                                 **(GLS/GHL)**

                 **v.**

**SUPERINTENDENT,** Attica Correctional
Facility,

                              **Respondent.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PETITIONER:**
Bruce Eckhardt
Pro Se
01-B-1662
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011

**FOR THE RESPONDENT:**
HON. ANDREW M. CUOMO               LISA E. FLEISCHMANN
New York State Attorney General    Assistant Attorney General
120 Broadway
New York, NY 10271

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se petitioner Bruce Eckhardt filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the judgment entered on July 23, 2001, in New York State Supreme Court, convicting him, after a jury trial, of murder in the second degree, and sentencing him to an indeterminate term of from twenty-five years to life.  (Dkt. No. 1.)  In a Report-Recommendation and Order (R&R) filed March 25, 2010, Magistrate Judge George H. Lowe recommended that Eckhardt's petition be denied.[1]  (Dkt. No. 13.)  Pending are Eckhardt's objections to the R&R.  (Dkt. No. 18.)  For the reasons that follow, the R&R is adopted in its entirety, and Eckhardt's petition for a writ of habeas corpus is denied and dismissed in its entirety.

### II. Background

Eckhardt was convicted of murdering his estranged girlfriend, Donna Evans.  Prior to trial he moved to suppress physical evidence that had been seized, without a warrant, from the residence he had shared with Ms.

---

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

Evans and from a rental car.  He also sought to suppress statements that he had made that were obtained without prior *Miranda* warnings and at a time when he claims he was represented by counsel.

### III.  Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### IV.  Discussion

**A.    Objections**

**1.           Fourth Amendment**

Eckhardt contends that this court should review his Fourth Amendment claim despite Judge Lowe's recommendation to the contrary. Specifically, Eckhardt contends that his Fourth Amendment rights were

violated when evidence was used against him that had been obtained pursuant to an unconstitutional search and seizure.  This court concurs with Judge Lowe's determination that this claim is unreviewable.

As Judge Lowe correctly points out, *Stone* held that habeas relief is unwarranted if the state courts provided "an opportunity for full and fair litigation" of a claim under the Fourth Amendment.  *Stone v. Powell*, 428 U.S. 465, 482 (1976).  The Second Circuit has held that a review of Fourth Amendment claims in habeas petitions would be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the petitioner was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.  *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). Eckhardt contends that the decision of the state court after the hearing was "an unconscionable breakdown" in the process.  As Judge Lowe notes, despite Eckhardt's disagreement with the state court decision, there was not an "unconscionable breakdown" of the state court procedures and thus this claim in unreviewable by this court.  Accordingly, the R&R is adopted on this issue.

4

**2.          Fifth and Sixth Amendment**

Eckhardt objects to Judge Lowe's findings that his unexhausted claim is procedurally barred and that presentation in the state forum would be futile.  Specifically, he contends that "a writ of error coram nobis could be considered a form of collateral attack ... [he could] return to state court and file a writ of error coram against appellate counsel for all the errors that magistrate [J]udge [L]owe pointed out and then used it for cause."  Eckhardt's contention is without merit.

It appears Eckhardt misunderstands Judge Lowe's findings.  The "error" Judge Lowe found was Eckhardt's failure to exhaust his federal Fifth and Sixth Amendment claims.  Eckhardt's conclusory assertion without any citation to authority that he may bring his unexhausted claims before the state court based on Judge Lowe's findings is without merit.  This court concurs with Judge Lowe's finding that Eckhardt failed to exhaust his federal claims under the Fifth and Sixth Amendments.  (*See* R&R at 8-13, Dkt. No. 13.)  And further, the court agrees with Judge Lowe that Eckhardt has failed to show both cause and prejudice for his failure to present his claims on direct appeal or that the failure to review by the federal court would result in a fundamental miscarriage of justice.  Accordingly, the R&R

is adopted as to exhaustion and procedural default of Eckhardt's Fifth and Sixth Amendment claims.

Notably, Judge Lowe also addressed the merits of Eckhardt's Fifth and Sixth Amendment claims in the alternative.  He found that Eckhardt made no claim that any of the statements that were utilized against him were obtained after the initiation of formal charges.  Thus, Judge Lowe found that Eckhardt's Sixth Amendment claim had no merit.  Next, Judge Lowe found that Eckhardt failed to dispute the finding by the trial court that prior to December 16, 1999, he was not in custody.  Thus, his Fifth Amendment claim is also without merit.  Accordingly, the alternative basis found by Judge Lowe to dismiss the Fifth and Sixth Amendment claims is also adopted.

## V.  Conclusion

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation and Order (Dkt. No. 13) is **ADOPTED**; and it is further

**ORDERED** that Eckhardt's petition for a writ of habeas corpus is **DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk close this case and provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED**.

November 16, 2010
Albany, New York

_____
United States District Court Judge